Point Pleasant Land Co. *v.* Cranmer.

---

THE POINT PLEASANT LAND COMPANY

*v.*

ALBERTUS B. CRANMER et al.

A bill for injunction filed by the owners of a large tract of land, stated that they had laid it out into building lots, and had opened and dedicated streets thereon (which, however, had never been accepted by the public authorities), and had filed a map thereof in the county clerk's office; that complainants had sold some of the lots, and that the present owners thereof had an admitted easement in the adjacent streets; and that complainants annually expended large sums of money for repairing all the streets, and keeping them in order. —*Held*, that complainants could not enjoin defendants, who are hackmen, from ordinarily using any of the streets, in carrying passengers to and from the railroad station in their vehicles for hire.

Bill for injunction. On order to show cause why an injunction should not be issued according to the prayer of the bill.

*Mr. J. H. Backes,* for the complainant.

*Mr. Schwarz* and *Mr. C. Haight,* for defendants.

THE CHANCELLOR.

The bill is filed for an injunction to restrain the defendants from driving stages, omnibuses, carriages &c., as common carriers of passengers, over the streets, roads and avenues (except one

6

called Bay or Squan avenue) laid down on a map of land of the complainant. It states that in 1868, the complainant being the owner of the tract whereon the streets &c. in question are, laid it out in building lots and streets and avenues upon a map, and filed the map in the clerk's office of Ocean county, where the property is situated; that since the filing of the map the complainant has sold and conveyed, to various parties, some of the lots, and that in the conveyances the lots have been described by referring to the map; that the complainant has, since the filing of the map, spent at least $15,000 in making proper roadways for travel over the streets, roads and avenues laid down on the map, and annually expends large sums in repairing and keeping in order those roadways, and that the defendants break up and destroy them by driving over them in prosecuting their business of common carriers, in conveying passengers, for hire, in their vehicles to and from the railroad depot at Point Pleasant. The bill further states that the township authorities have not accepted any of the streets, road or avenues, except Bay or Squan avenue. It claims that the roads, streets and avenues in question not having been accepted by the township, are still the private property of the complainant, and under its control, and in no sense public, and that they are kept up and repaired only as a means of ingress and egress for the persons who reside upon the tract, and for their convenience and accommodation, and to attract purchasers to, and encourage the purchase and improvement of the lots adjoining and along the lines thereof.

The question to be decided is whether the complainant, by the bill, shows a right to the interdict of this court, restraining the public from the use of those streets, roads and avenues. The injury complained of is merely the ordinary use thereof, in the ordinary way, by driving vehicles over them. The complainant has not established, at law, the right which it claims. If the owner of a tract of land lays it out in lots and streets, by a map publicly exhibited or filed in the proper public office, and sells lots laid out on such map by a reference thereto, he thereby dedicates the streets on the map to the public. *Angell on Highways* § *149; Clark* v. *Elizabeth, 11 Vr. 172.* And where the

intention to dedicate is manifest, the dedication, so far as the owner is concerned, is complete, without any acceptance by the public authorities or any public user. *Trustees &c.* v. *Hoboken, 4 Vr. 13; Hoboken Land and Imp. Co.* v. *Hoboken, 7 Vr. 540; Wood* v. *Hurd, 5 Vr. 87.* Where the dedication is complete, it follows, of course, that the public have the right to use the streets. *Wood* v. *Hurd, ubi supra.* The dedication is to the public use. In the case in hand, the dedication was complete and unqualified. The bill states not only that the complainant made and filed the map, and sold and conveyed the lots by reference to it, and made the roadways, but it states, also, that the complainant cannot shut up the streets, roads and avenues in question, because of the easement of the lot-owners thereon. Without regard to other considerations, the fact that the easement, which it is admitted the lot-owners have in the streets, roads and avenues, obviously cannot be enjoyed unless those streets &c. are open to the public, is, of itself alone, abundantly sufficient to induce the court to deny this application. The injunction will be denied, with costs.